Anderson, J.,
delivered the opinion of the court.
The constitution of Virginia provides that the supreme court of appeals shall not have jurisdiction in civil cases where the matter in controversy, exclusive of costs, is less in value or amount than $500, except in cases enumerated. In a case decided at the present term, the court held, Judge Staples delivering the opinion, that the value or amount in controversy in the couj’t from whose decision the appeal is taken, at the date of the judgment or decree, determines the question of jurisdiction, and that there may be cases in which the appellate court would have jurisdiction to review the decision upon the petition of the plaintiff, when it would not have jurisdiction to review it upon the petition of the defendant; and vice versa. Timbar *780 ger & wife v. Watts & als., 25 Gratt. 167, was a creditor’s bill to subject the life estate of Watts in real to the satisfaction of the plaintiffs’ judgments. Neither of the plaintiffs’ judgments amounted to $500, exclusive of costs. The circuit court dismissed the bill; from which decision the plaintiffs appealed to this court. It was held that the court had no jurisdiction of the case.
Judge Christian, in whose opinion the other judges concui’red, says “it is clear that the claims of the appellants are several and independent of each other. They are founded upon different contracts, upon judgments at different times.” * * * “If one of the creditors is aggrieved by the decree, it is to the extent that his claim is not paid, and not because other creditors are not paid.”
The case in hand was also a creditor’s bill to subject the real estate of the Winchester and Strasburg railroad company to lien creditors. The plaintiff Colfelt’s judgments, aggregated only $169.91. John Z. Jenkins’ judgment amounted to $1,117.60, which he was allowed to come in and prove before the commissioner. And the decree against the Winchester and Strasburg company was for the aggregate of all the judgments, amounting to $1,286.91; of which that company complains. If aggrieved, to what extent is it aggrieved by the decree? To the amount of Colfelt’s judgments, or the aggregate of all the judgments? Clearly the latter. And the company being the party seeking the reversal of that decree, if it is erroneous, it is aggrieved to the extent of all the judgments; and this court is rightfully in possession of the case upon the petition of this appellant, and has jurisdiction to review the decision of the lower court and to reverse the decree, if found to be erroneous as to all the judgments, the aggre *781 gate of which being the amount which the said appellant had in controversy in this suit. And this opinion is not at all in conflict, but perfectly consistent with Umbarger v. Watts, supra.
The court is further of opinion that the property of the Winchester and Strasburg railroad company, in the decree mentioned, was liable to satisfy the judgments of the plaintiffs, which it appearing could be satisfied in a reasonable time from rents, it was not error to decree that the same should be leased for that purpose.
But it is contended that it was error to lease the railroad, the property of said company, for so long a term as one year, to satisfy so small a debt. This objection is answered by the counsel for the appellees, by the declaration that it could not he leased at all for a shorter period than one year; and that such a decree for a shorter time would have been futile. To remove any difficulty on that score, the decree may be amended so as to test that matter. The appellees are certainly entitled to the satisfaction of their judgments out of this appellant’s property. And if, in order to accomplish it, it is necessary to lease the railroad for a term which will yield in rents a sum far exceeding the amount of their judgments, and cannot be leased at all for a shorter term, the appellees are entitled to have it leased for the longer term. But it ought to be made to appear first, that it could not be leased for the shorter term. The court is of opinion therefore that the decree should be amended, so as to direct the commissioner to offer it for a term of three months; and if it cannot he leased for that term, or for an amount sufficient to satisfy the appellees’ judgments and costs,, including their costs in defending this appeal, that he then offer it for a term of six months; and if that is *782 unavailing, then for a term of nine months; and if that is unavailing, then for a term of twelve months, was required by the said decree.
The court is further of opinion that the appellees, plaintiffs below, having been informed that the Baltimore and Ohio railroad company had possession of the said road, upon what terms, or by what right, they were not informed, it was proper that they should have had leave to amend their bill, and to make the said last named company a party defendant, to enable it to assert and disclose any right it had, if incompatible with the relief which the plaintiff sought against the Winchester and Strasburg railroad company, and that there is no error in the judgment of the circuit court overruling the demurrer of the said Baltimore and Ohio railroad company. And the said company, not having asserted any right in the Winchester and Strasburg railroad which could be prejudiced by the decree now under review, although if such right existed it had every opportunity of asserting it, it is too late now to assert any such right, and it cannot complain of said decree.
The court is of opinion therefore to amend as hereinbefore specified said decree, and to affirm the same, with costs.
Decree amended and arrirmed.